# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 01-10012-01 |
| VERSUS | JUDGE DEE D. DRELL |
| TIMOTHY D. BROWN | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a motion entitled "Motion To Rescind Order, Motion For Recusal Motion To Unseal All Documents" filed pro se by the Defendant, Timothy D. Brown ("Brown"). See Record Document 661. The motion was referred to the undersigned for disposition. See Record Document 670. In his motion, Brown contends, inter alia, that presiding Judge Dee D. Drell is biased against him. He also complains that he did not receive a notice of deficiency regarding his motion to proceed in forma pauperis on appeal. He further references "false statements" that have allegedly been made by Judge Drell in "sealed documents" and a "fraudulent civil suit . . . to require [him] to get permission . . . in order to file any documents or receive any documents." Record Document 661 at 1.

Motions for recusal under both 28 U.S.C. § 144 and 28 U.S.C. § 455 are committed to the sound discretion of the district judge. See Chitimacha Tribe of La. v. Harry L. Laws Co., 690 F.2d 1157, 1166 (5th Cir. 1982). A judge shall disqualify himself under 28 U.S.C. § 455(a) "in any proceeding in which his impartiality might reasonably be questioned." A judge shall also disqualify himself under certain circumstances enumerated under section 455(b), including "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." None of the circumstances requiring

disqualification under Section 455 are present here and the factual circumstances Brown alleged were not grounds for recusal under this section.

To the extent that Brown's submission may be construed as a motion to recuse Judge Drell pursuant to 28 U.S.C. § 144, it is also insufficient. Section 144 provides, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists. . . .

28 U.S.C. § 144. A legally sufficient affidavit of personal bias and prejudice on the part of a judge must meet three requirements: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) show that the bias is personal rather than judicial in nature. See Henderson v. Dep't of Pub. Safety & Corrs., 901 F.2d 1288, 1296 (5th Cir. 1990). Furthermore, adverse judicial rulings alone do not support an allegation of bias. See Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994).

Even this court were to construe Brown's filing as a properly prepared affidavit, he fails to show any valid basis for recusal. Brown contends that "[i]t is very clear from the continued inaccurate statements that this judge is bias [sic] against" him. Record Document 661 at 1. However, Brown's allegations are conclusory at best and are not sufficient to require this Court to grant the motion for recusal under either provision. Recusal is required whenever "impartiality might reasonably be questioned." Liteky, 510 U.S. at 548, 114 S. Ct. at 1154. Judge Drell's

impartiality simply has not.  Accordingly,

    **IT IS ORDERED** that Brown's Motion for Recusal is **DENIED**.[1]

    **THUS DONE AND SIGNED** at Shreveport, Louisiana, this 22nd day of May, 2020.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[1] Brown has also requested that the Court unseal documents and rescind its order striking his motion to proceed in forma pauperis on appeal, noting that he has now attached the documents that caused his original motion to proceed in forma pauperis on appeal to be stricken.  As this Court has denied the motion to recuse Judge Drell, these remaining requests can now be considered and ruled upon by Judge Drell.

3